FILED
February 05, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MANUEL PEREZ, JR., § <br> § <br> Defendant. § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **S E A L E D** Case No: EP:25-CR-00212-KC <br><br> **I N D I C T M E N T** <br><br> **CT 1:** 18 U.S.C. § 371 & 8 U.S.C. §§ 1324(a)(2)(B)(ii) - Conspiracy to Bring Aliens to the United States for Financial Gain; <br> **CT 2:** 8 U.S.C. §§ 1324(a)(2)(B)(ii) - Bringing Aliens to the United States for Financial Gain; <br> **CT 3**: 8 U.S.C. §§ 1324(a)(2)(B)(ii) - Bringing Aliens to the United States for Financial Gain; <br> **CT 4**: 8 U.S.C. §§ 1324(a)(2)(B)(ii) - Bringing Aliens to the United States for Financial Gain; and <br> **CT 5:** 21:846 & 841(a)(1) - Conspiracy to Possess a Controlled Substance with Intent to Distribute. <br><br> *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE
### (CONSPIRACY TO BRING ALIENS TO THE UNITED STATES FOR FINANCIAL GAIN)

### INTRODUCTION

At all times relevant to this Indictment:

1. U.S. Customs and Border Protection, herein after, "CBP," is the largest federal law enforcement agency of the United States Department of Homeland Security, (DHS). CBP's mission includes the enforcement of the customs, immigration, and agriculture laws and regulations of the United States and the enforcement at the border of hundreds of laws on behalf of numerous federal agencies. At the U.S border, CBP officers prevent people from entering the country illegally or bringing anything harmful or illegal into the United States.

2. Defendant, **MANUEL PEREZ, JR.**, was employed by the U.S. DHS, as a CBP Officer,

3. As a CBP Officer, Defendant, **MANUEL PEREZ, JR.**'s duties and responsibilities included working, as assigned, at the Paso Del Norte Port of Entry in El Paso, Texas, the Western District of Texas, where he was required to screen every individual who was seeking

to enter the United States from the Republic of Mexico to determine whether they were legally eligible to do so, among additional responsibilities of a CBP Officer.

4. TECS, formerly known as the Treasury Enforcement Communications System, is the principal computer system used by CBP officers at the border between the United States and Mexico to assist with screening and determinations regarding admissibility of arriving persons. TECS is used to manage the flow of people through border ports of entry and for immigration enforcement case management. It keeps track of individuals entering and exiting the country and of individuals involved in or suspected to be involved in crimes.

5. When screening individuals who are seeking admission to the United States from Mexico at a port of entry, in addition to determining the admissibility into the US. of the occupants of the vehicle seeking entry, the CBP officer is required to accurately and truthfully record the license plate number of the vehicle by entering it into TECS.

6. A "Proof of Life Video" is a video recording/clip or image of an undocumented alien recorded on a cellular telephone by a member of an alien smuggling organization to provide proof that a certain alien had been successfully smuggled into the United States.

Beginning on or about December 21, 2023, and continuing to and including on or about February 5, 2025, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendant,

**MANUEL PEREZ, JR.,**

knowingly, intentionally, and unlawfully conspired, combined, and confederated, and agreed with others to the Grand Jury known and unknown, to commit an offense against the United States, namely: to bring to and attempt to bring to the United States aliens, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter or reside in the United States, done for the purpose of commercial advantage and private financial gain.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Western District of Texas and elsewhere:

A. In early December 2023, an undocumented alien (Alien-1) to the United States, paid $16,000.00 (dollars) to an unknown co-conspirator to be smuggled into the United States.

B. On or about December 21, 2023, at the Paso Del Norte Port of Entry in El Paso, Texas, Defendant, **MANUEL PEREZ, JR.**, admitted a gray Nissan Pathfinder, driven by Alien-1.

C. On or about December 21, 2023, Defendant, **MANUEL PEREZ, JR.,** admitted Alien-1, the driver of the gray Nissan Pathfinder referenced in Overt Acts B and C, into the United States.

D. On or about January 19, 2024, Defendant, **MANUEL PEREZ, JR.**, at the Paso Del Norte Port of Entry, admitted into the United States, the same gray Nissan Pathfinder alleged in Overt Acts B, C, and D.

E. On or about May 11, 2024, Defendant, **MANUEL PEREZ, JR.**, admitted the same gray Nissan Pathfinder previously admitted, as alleged in the Overt Acts B, C, D, E, and F herein, and admitted the driver, an undocumented alien (Alien-2), into the United States.

F. On or about May 11, 2024, a Proof of Life video was made of Alien-3 by a co-conspirator confirming Alien-2's unlawful entry into the United States.

G. On or about May 30, 2024, Defendant, **MANUEL PEREZ, JR.**, inspected for admission into the United States, the same gray Nissan Pathfinder alleged in Overt Acts B, C, D, E, F, and G herein.

H. In early August 2024, an undocumented alien (Alien-3), paid a fee of $9,000 to a co-conspirator as a fee to be smuggled into the United States.

I. On August 10, 2024, Defendant, **MANUEL PEREZ, JR.**, inspected for admission into the United States, the same gray Nisan Pathfinder previously inspected, alleged in Overt Acts B, C, D, E, F, G, and I herein, which vehicle contained Alien-3, hidden inside.

J. On August 10, 2024, a Proof of Life Video was made of Alien-3 by a co-conspirator to confirm Alien-3's illegal entry into the United States.

K. On November 21, 2024, Defendant, **MANUEL PEREZ JR.**, inspected for admission into the United States, the same gray Nissan Pathfinder previously inspected, as alleged in Overt Acts B, C, D, E, F, G, I, and K herein, which vehicle carried three undocumented aliens, two adults and one minor.

All done in violation of Title 18, United States Code, Section 371, and Title 8, United States Code Section 1324(a)(2)(B)(ii).

## COUNT TWO
### (BRINGING ALIENS TO THE UNITED STATES FOR FINANCIAL GAIN)

The Introduction in Count One of this Indictment is incorporated by reference as if fully set out herein.

On or about December 21, 2023, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendant,

**MANUEL PEREZ, JR.,**

knowing and in reckless disregard of the fact that a certain alien, Alien -1, had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

## COUNT THREE
### (BRINGING ALIENS TO THE UNITED STATES FOR FINANCIAL GAIN)

The Introduction alleged in Count One of this Indictment is incorporated by reference as if fully set out herein.

On or about May 11, 2024, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendant,

**MANUEL PEREZ, JR.,**

knowing and in reckless disregard of the fact that a certain alien, Alien-2, had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

## COUNT FOUR
## (BRINGING ALIENS TO THE UNITED STATES FOR FINANCIAL GAIN)

The Introduction alleged in Count One of this Indictment is incorporated by reference as if fully set out herein.

On or about August 10, 2024, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendant,

**MANUEL PEREZ, JR.,**

knowing and in reckless disregard of the fact that a certain alien, Alien-3, had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring to the United States such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

## COUNT FIVE
## (CONSPIRACY TO POSSESS A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE)

The Introduction in Count One of this Indictment is incorporated by reference as if fully set out herein. On or about November 1, 2019, through and including February 5, 2025, in the Western District of Texas, Eastern District of Louisiana, Eastern District of North Carolina, and elsewhere, Defendant,

**MANUEL PEREZ, JR.,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed, with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 846, that is to say, Defendant conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, in violation of Title 21, United States Code, Section 841(a)(1) and the quantity of a mixture or substance containing cocaine involved in the conspiracy

and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[See Fed. R. Crim. 32.2]

### I.
### Conspiracy to Bring Aliens to the United States for Financial Gain
### Violation and Forfeiture Statutes
[Title 18 U.S.C. § 371 and Title 8 U.S.C. § 1324(a)(2)(B)(ii), subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C), Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One through Four, the United States gives notice to Defendant **MANUEL PEREZ, JR.** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C), Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

**Title 18 U.S.C. § 982. Criminal Forfeiture**
(a)(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 254(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa insurance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—
(i) any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and
(ii) any property real or personal—

6

    **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
    **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
   **(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

    **Title 8 U.S.C. § 1324(b) Seizure and Forfeiture**
**(1) In general**
Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

**II.**
**Drug Violation and Forfeiture Statutes**
**[Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii),**
**subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Count Five, the United States gives notice to Defendant **MANUEL PEREZ JR.** of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

   **Title 21 U.S.C. § 853.  Criminal Forfeitures**
   **(a) Property subject to criminal forfeiture**
     * * *
   **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
   **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand of Forfeiture includes but is not limited to the Money Judgment described in Paragraph III.

## III.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth above for which Defendant **MANUEL PEREZ, JR.** is solely liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
United States Attorney

BY: _____
Assistant U.S. Attorney